765 So.2d 927 (2000)
STATE of Florida, Appellant,
v.
A.M., Appellee.
No. 2D99-3260.
District Court of Appeal of Florida, Second District.
August 25, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant *928 Attorney General, Tampa, for Appellant.
Karen S. Beavin of Sparkman & Quinn, Naples, for Appellee.
FULMER, Judge.
The State appeals from the trial court's order dismissing a delinquency petition that charged A.M. with exhibition of a weapon on school grounds. We reverse the dismissal and remand for further proceedings.
Section 790.115(1), Florida Statutes (1997), prohibits the exhibition of "any sword, sword cane, firearm, electric weapon or device, destructive device, or other weapon, including a razor blade, box cutter, or knife ... in a rude, careless, angry, or threatening manner" on school grounds. The allegation against A.M. in the delinquency petition tracked this statutory language. A.M. moved to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), asserting, among other things, that the weapon in question was a common pocketknife. After a hearing in which the trial court concluded that the weapon was a common pocketknife, and therefore excluded from the statutory definition of "weapon" pursuant to section 790.001(13), Florida Statutes (1997), the trial court granted the motion to dismiss, relying on L.B. v. State, 700 So.2d 370 (Fla.1997).
The State argues on appeal that the trial court erred in dismissing the petition because the statutory definition of weapon found in section 790.001(13) is not applicable in this case. It asserts that the reference to pocketknives found in that section, and discussed in L.B., no longer applies to exempt pocketknives from section 790.115(1) because the legislature amended section 790.115 effective October 1, 1997, to expand the definition of prohibited items, and to specifically prohibit any "knife" from being exhibited on school grounds.
We agree with the State that pursuant to the October 1997 amendment to section 790.115,[1] any "knife," which we read to include even a "common pocketknife," is prohibited on school grounds. See A.B. v. State, 757 So.2d 1241 (Fla. 4th DCA 2000); C.A.J. v. State, 732 So.2d 1228 (Fla. 5th DCA 1999) (Dauksch, J., concurring). Because this statute was in effect at the time of the offense, the trial court erred in granting the motion to dismiss.
Accordingly, we reverse the order granting the motion to dismiss and remand to the trial court for further proceedings.
Reversed and remanded.
CAMPBELL, A.C.J., and STRINGER, J., Concur.
NOTES
[1] Ch. 97-234, Laws of Fla.